## McCASTLAIN v. WYLIE.

### Opinion delivered June 30, 1919.

TAXATION—RIGHT TO PAY.—One who has, under color of title, paid the taxes on wild and unimproved lands for six years consecutively has no right, as against the owner of the land, to enjoin the latter from paying the taxes for the seventh year, in order that the former might acquire a title by seven years' payment of taxes, under Kirby's Dig., § 5057.

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; reversed.

*C. F. Greenlee,* for appellant.

1. It is conceded by appellee's demurrer that (1) McCastlain is the owner of the land and (2) that he paid the taxes for every year from 1902 to 1913, and (3) that the land was assessed to appellant every year from the time he obtained his tax deed until the institution of this suit; (4) that appellee's tax deed is void because it is based on a void tax sale; that the land was sold without authority of law and for excessive taxes; that it was advertised for sale as prescribed by law; that the clerk of the county court did not issue his warrant for the collection of taxes at the time and in the manner prescribed by law; (5) that appellee did not offer to pay the taxes on January 6 or 7, 1919, nor did he furnish funds for the payment of said taxes, and that if a tender of taxes was made for appellee it was done by another and without

appellee's authority.   Under these admissions it was the duty of appellant to pay the taxes on the land which is admitted to be his land and he did pay the taxes for the year 1918; at the time of the institution of this suit on January 9, 1919, the taxes had been paid by appellant and he had the collector's receipt.   The assessment had been made on the land and the books were in the hands of the collector.   Kirby & Castle's Digest, § 8676.   Appellant paid his taxes on the land January 1, 1919, instead of the 1st Monday in January, and the complaint of appellant is that the collector violated section 8719 of Kirby & Castle's Digest.   The complaint is peculiar; the collector had the money on January 9th for appellant's taxes and had given his receipt therefor and the payment was sufficient, and a stranger had no right to complain.   Appellee bases his contention upon 36 Ark. 508, par. 1 of syllabus and 23 Id. 374, but they have no application.   See also 23 Ark. 376; 70 Id. 500.

2.   An answer is not demurrable if the facts with every reasonable inference to be drawn constitute a good defense.   96 Ark. 163; 33 Id. 169; 3 Id. 207; 187 Id. 427.

3.   It is settled that when a court of chancery assumes jurisdiction for one purpose it will retain it for all purposes to do justice.   83 Ark. 554; 84 Id. 140; 92 Id. 15; 105 Id. 558; 112 Id. 572.

It cannot be questioned that it is the right of the landowner to pay the taxes on his land, and appellant was anxious that the ownership of the land should be determined in this case, but since appellee was aware that his title was absolutely void he preferred to *chouse* appellant out of his land by another route than in a chancery proceeding, and the decree should be reversed and cause remanded with directions to overrule the demurrer and require proof as to the ownership of the land.

*Lee & Moore,* for appellee.

Appellee had color of title, the lands were wild and unimproved, and he had paid taxes for six consecutive

years and he had the right to pay for the seventh year and perfect his title. Act 415, Acts 1911, p. 361. Taxes are payable from the first Monday of January; not before that date, and payment of taxes before that date is of no validity. 36 Ark. 510; 23 *Id.* 374; 37 Cyc. 1158. The collector did not appeal from the judgment canceling his receipt and ordering him to issue receipt for taxes of 1918 to appellee. The decree is right, and should be affirmed.

SMITH, J. Appellee brought suit in the Monroe Chancery Court against appellant and the sheriff and collector of that county, and for cause of action alleged the following facts: That he was the owner of a certain forty-acre tract of land situated in that county, having obtained a deed therefor on February 27, 1890, from the State Land Commissioner, and that under this deed he had paid the taxes on said land for the years 1912, 1913, 1914, 1915, 1916 and 1917. That on January 6, 1919, the same being the first Monday in January, he applied to the collector to pay the State and county taxes then due, but the tax books were not at the time in the office of said collector, and that on Tuesday, January 7, 1919, he tendered to the collector the full amount of all taxes due on said land, but the tender was refused because the taxes upon said land had been paid by the appellant on the first day of January, 1919, and the taxes assessed against said lands were marked paid on the tax books. That said payment was in fraud of appellee's right to pay taxes upon said land, and was done for the purpose of defeating appellee's title to said land, and was made prior to the date fixed by law for the payment of taxes, and was a fraud upon the rights of appellee.

An answer was filed by appellant, in which he alleged his ownership of the land under a deed to him from the county clerk of that county based upon a sale for the taxes due thereon for the year 1901. It was further alleged in the answer that the deed to appellee from the

Land Commissioner was void because it was based upon a sale for taxes which was void for a number of reasons there stated, and that appellee was seeking to perfect a void tax title by making seven consecutive payments of taxes.

A demurrer to this answer was sustained, whereupon, appellant declining to plead further, a decree was entered canceling the tax receipt issued on January 1, 1919, to appellant and directing the collector to accept the tender of the taxes made by appellee and to issue a receipt therefor, and from that decree this appeal has been prosecuted.

In support of the decree of the court below, appellee relies upon Act No. 415 of the Acts of 1911, page 361, which provides that ''All taxes levied on real estate and personal property by the several county courts of the State, when assembled for the purpose of levying taxes, shall be deemed to be due and payable at any time from the first Monday in January to and including the 10th day of April in each year. * * *'' And it is argued that inasmuch as appellant paid these taxes before they were legally due and payable the payment should be treated as a nullity.

But appellee is in no position to raise this question. Under the allegations of the answer, the truth of which is confessed by the demurrer, appellant is the owner of the land, and, as such, the only person who had the legal right to pay the taxes upon issue joined on that question. While appellee is not a mere volunteer, he has no such interest in or title to the land as gives him a preferential right over the true owner to pay the taxes. This seventh payment which he seeks to make may have perfected his title, and his desire to pay was evidently prompted by a consideration of that fact. But this seventh payment had not been made, and the benefit of section 5057 of Kirby's Digest did not inure because of the six payments which had been made, as that statute inures to the benefit of him only who has paid taxes for seven consecutive years under color of title. The tax

books had been marked paid, and no taxes for 1918 were charged against the land when the suit was brought. Under these circumstances it was not proper to adjudge that appellee had the right, as against appellant, to pay the taxes, and the court should not have lent its aid to appellee to make a payment of taxes which would have given him the benefit of the provisions of section 5057, which he would not otherwise have had.

The decree of the court below is therefore reversed, and the cause remanded, with directions to dismiss the complaint.